TIMOTHY P. JOHNSON (BAR NO. 66333)
LAW OFFICES OF TIMOTHY P. JOHNSON
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C PASQUALE<br><br>PLAINTIFF, PRO PER<br><br>vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC; RICHARD J. BOUDREAU, individually and in his official capacity, EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, form unknown; and JOHN DOES 1 through 10, inclusive<br><br>DEFENDANTS. | Case No. CV 12-00930 HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 21, 2012<br>Time: 10:30 a.m.<br>Courtroom: 6, 4th Floor<br>Location: 280 South First Street<br>        San Jose, CA<br>Judge: Hon. Ronald M. Whyte<br>        United States District Judge |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff EUGENE C. PASQUALE, counsel for Defendants RICHARD J. BOUDREAU & ASSOCIATES, LLC and RICHARD J. BOUDREAU (jointly "Boudreau") and counsel for EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 4-2, and the Court's Order dated July 19, 2012, setting Case Management Conference. The parties hereby submit their Joint Case Management Statement:

**1. Jurisdiction and Venue**

Defendants contend that this Court's Jurisdiction is based on 28 U.S.C. §1331, 28 U.S.C. §1441 and 15 U.S.C. §1692 et seq.

Plaintiff does not object to jurisdiction or venue.

**2. Facts**

**Plaintiff:**

Plaintiff alleges that Boudreau accessed his credit reports without a permissible purpose. Plaintiff further alleges that Boudreau placed telephone calls to his cell phone to annoy and harass him. Plaintiff further alleges that Boudreau contacted him regarding a debt without identifying himself as debt collector. Plaintiff further alleges that Boudreau did not send him a debt verification notice within five days of its initial contact with him.

Plaintiff alleges that Experian improperly provided his credit report to

Boudreau.

**Boudreau**:

Boudreau denies Plaintiff's allegations and contends that it made lawful attempts to collect the debt that is owed and that it had a permissible purpose to access Plaintiff's credit reports.

**Experian**:

Defendant Experian is a consumer reporting agency as that term is defined by the FCRA. Experian essentially functions as a storehouse of information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. It serves as a conduit for credit information that it obtains from Experian's customers or "subscribers," which include banks, retailers, finance companies, and collection agencies. Because its subscriber businesses have a direct relationship with consumers, Experian relies on its subscribers to provide information about the subscribers' customers, including identifying information, type and amount of credit extended, and credit performance.

Experian denies that it violated the FCRA negligently or intentionally and states that at all times relevant, Experian complied with the requirements of the FCRA.

**3. Legal Issues**

**Plaintiff**:

Plaintiff alleges that Boudreau violated §§ 1692d, 1692d(5), 1692d(6) and 1692g of the Fair Debt Collection Practices Act, §§ 1788.11(b), 1788.11(d),

1788.11(e) and 1788.17 of the California Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

Plaintiff alleges that Experian violated the Fair Credit Reporting Act.

**Boudreau:**

Boudreau denies Plaintiff's claims.

**Experian:**

The primary issue with respect to Experian is whether it complied with the requirements of the FCRA with respect to Plaintiff, which it maintains it did.

**4. Motions**

Plaintiff:

Depending on information received in discovery, Plaintiff may file a motion to compel arbitration.

**Boudreau:**

Boudreau intends to file a motion for summary judgment following completion of necessary discovery.

**Experian:**

Experian may file discovery and/or dispositive motions depending, in part, on information received in discovery.

**5. Amendment of Pleadings**

The parties do not intend to amend the currently filed pleadings. However, if the parties find the need to do so, the parties propose that such joinder or amendments be completed within 60 days from the scheduling order.

Plaintiff anticipates requesting leave to file amended complaint with assistance of newly appointed counsel to include relevant claims under the California Consumer Credit Reporting Agencies Act, Civ. Code 1785.1 et seq., based on same set of factual allegations.

### 6. Evidence Preservation

**Plaintiff:**

Plaintiff will preserve relevant evidence, including electronically filed documents.

**Boudreau:**

Boudreau is aware of its responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evidence in this action, and is not aware of any document- or data- destruction program that would prevent it from fulfilling its responsibilities.

**Experian:**

Experian represents that it is aware of its obligations with respect to document preservation and has complied with such under the facts and circumstances of this case.

### 7. Disclosures

The parties will timely make their initial disclosures within two weeks following the Case Management Conference.

LAW OFFICES OF TIMOTHY P. JOHNSON

### 8. Discovery

The parties do not require any limitations on discovery. The parties will meet and confer regarding the terms of a Proposed Stipulated Protective Order if necessary.

**Plaintiff:**

Plaintiff will propound written discovery and take oral depositions as necessary.

**Boudreau:**

Boudreau will propound written discovery and take oral depositions as necessary.

**Experian:**

Experian will propound written discovery and take oral depositions as necessary.

### 9. Related Cases

None.

### 10. Relief

Plaintiff seeks relief as follows: Statutory damages; actual damages; attorney's fees; and costs.

### 11. Settlement and ADR

The parties agree to mediation under ADR auspices. Defendants need to obtain Plaintiff's responses to written discovery to determine the factual basis for Plaintiff's claims against them. Defendants may desire to have summary judgment motions heard before mediation is scheduled depending upon Plaintiff's responses to

discovery.

## 12. Consent to Magistrate Judge For All Purposes

The parties have not consented to have this matter heard by a magistrate judge for all purposes.

## 13. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

The parties agree it is premature to attempt to narrow the issues.

## 15. Expedited Schedule

The parties see no need for streamlined procedures or an expedited schedule.

## 16. Scheduling

*Discovery Cut-Off*: March 18, 2013;

*Expert Disclosures:* February 18, 2013 and March 18, 2013 for rebuttal experts;

*Completion of Expert Discovery*: April 29, 2013;

*Motion Filing Cut-Off*: May 6, 2013.

*Pretrial Conference*: June 24, 2013

*Trial*: July 29, 2013

## 17. Trial

Plaintiff requests a trial by jury. The parties estimate that this case will take approximately three (3) to four (4) days for trial.

**18. Disclosure of Non-Party Interested Entities or Persons**

All Defendants have filed a "Certification of Interested Entities or Persons". Defendants have no further disclosures to make.

Dated: August 31, 2012

By: ___/s/ Chris Gardas_____
    CHRIS GARDAS
    Attorneys for Plaintiff
    EUGENE C. PASQUALE

Dated: August 31, 2012

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: _____/s/ Timothy Johnson_____
    TIMOTHY P. JOHNSON
    Attorneys for Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau

Dated: August 31, 2012

**JONES DAY**

By: _____/s/ Jacqueline Vallette_____
    JACQUELINE VALLETTE
    Attorneys for Defendant Experian Information Solutions, Inc.

*Pasquale v. Richard J. Boudreau & Associates, LLC et al.*
<u>USDC, Case No. CV 12-00930 HRL</u>

### CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On August 31, 2012, I served a true copy of the **JOINT CASE MANAGEMENT STATEMENT** on all interested parties in this action by:

[ ] By personally delivering it to the person(s) indicated below in the manner as provided in FRCP 5(B);

[ ] By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

[ ] By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

[ X ] By ECF: On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Jacqueline Vallette, Esq.  
JONES DAY  
555 California Street, 26th Floor  
San Francisco, CA 94104

Chris Gardas, Esq.  
P.O. Box 2879  
Vacaville, CA 95696

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on August 31, 2012, at Santa Ana, California.

/s/ Timothy Johnson
TIMOTHY P. JOHNSON