Chris Gardas   SBN:224550
Attorney at Law
P.O. Box 984
Clearlake Oaks, CA 95423
Tel (415) 407-4918
chrisgardas@gmail.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C PASQUALE,<br><br>    PLAINTIFF,<br><br>        vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC; RICHARD J. BOUDREAU, individually and in his official capacity, EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, form unknown; and JOHN DOES 1 through 10, inclusive<br><br>    DEFENDANTS. | Case No. CV 12-00930 RMW<br><br>MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AS TO DEFENDANT RICHARD J. BOUDREAU AND RICHARD J. BOUDREAU & ASSOCIATES, LLC.<br><br>Hearing Date: April 26, 2013<br>Hearing Time: 9:00 a.m. |

**TO DEFENDANTS RICHARD J. BOUDREAU AND RICHARD J. BOUDREAU & ASSOCIATES, LLC AND THEIR COUNSEL OF RECORD**:

**YOU ARE HEREBY NOTIFIED THAT** on **April 26, 2013** at **9:00 a.m.,** in **Courtroom 6 - 4th Floor**, located at **280 South 1st Street, San Jose, CA 95113,** Plaintiff Eugene Pasquale will move this Court for an Order to Stay Proceedings and Compel Arbitration as to Defendants RICHARD J. BOUDREAU and RICHARD J. BOUDREAU & ASSOCIATES, LLC.  (Hereafter, "Boudreau")

Plaintiff  Pasquale's Motion to Stay Proceedings and Compel Arbitration                    p. 1

Nature of Dispute and Relief Sought

Plaintiff respectfully seeks an Order to Stay Proceedings and Compel Arbitration as to Defendant Richard J. Boudreau and Richard J. Boudreau & Associates, LLC.

Plaintiff Pasquale was contacted by telephone numerous times beginning in early 2011 by Defendant Boudreau, a debt collection law firm. In the process, Plaintiff alleges that Boudreau violated several state and federal consumer protection statutes, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. At the time Plaintiff filed the instant action, Defendant Boudreau had neither identified the alleged debt, nor the entity purporting to own the debt who had engaged Boudreau for collection.

Plaintiff has since learned that Boudreau was attempting to collect on behalf of LVNV Funding LLC regarding a Chase/Amazon credit card debt that LVNV had purchased. Having obtained the underlying Cardmember Agreement, Plaintiff elected to have his claims heard in arbitration as provided in the contract. A case was opened and is pending in JAMS, titled *Pasquale, Gino C. v. LVNV Funding, LLC, et al.*, Reference No. 1110015442, but Defendant Boudreau has refused to submit to the jurisdiction of JAMS.

Plaintiff has not waived his right to arbitration, nor have his actions been inconsistent with his intent to exercise his right to arbitrate the claims. In the Joint Case Management, filed August 31, 2012, [Doc. # 19] and as discussed at the hearing, Plaintiff indicated his intent to have the matter heard in arbitration after identifying the current owner of the alleged debt and ascertaining whether arbitration was provided by contract.

POINTS AND AUTHORITIES

This motion involves a dispute over claims arising under federal law, including alleged violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and the Telephone Consumer Protection Act. Jurisdiction as to the pending federal claims is, therefore, proper under 28 U.S.C. § 1441.

1  The dispute involves a credit card debt, originally issued by Chase Manhattan Bank
2 U.S.A., N.A., wherein the parties entered into a written agreement governing the credit card
3 account issued to Plaintiff Pasquale.   A true and correct copy of the Cardmember Agreement is
4 attached and incorporated herein as Exhibit A.
5  Paragraph Eight of the Agreement provides for arbitration of any dispute that might arise
6 under the Agreement.
7  Said paragraph defines the <u>Parties Covered</u> as:

> For the purposes of this Arbitration Agreement, "we" and "us" means Chase Manhattan Bank USA, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the Account (including but not limited to credit· bureaus, merchants that accept any credit device issued under the Account, rewards programs and enrollment services, credit insurance companies, debt collectors, and all of their officers, directors, employees, agents and representatives) if, and only if such a third party is named by you as a co-defendant in any Claim you assert against us.

16  As the purchaser of the account, LVNV is subject to the arbitration provision, as well as,
17 Boudreau, engaged by LVNV to collect the debt.
18  The Claims Covered under said paragraph states in relevant part:

> This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief. Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Card member Agreement or any prior Cardmember Agreement. This Arbitration Agreement includes Claims that arose in the past, or arise in the present or the future. As used in this Arbitration Agreement, the term Claim is to be given the broadest possible meaning.

27  The claims asserted by Plaintiff involve the credit card debt and are covered under the
28 broad language of the provision.   Whether Boudreau is subject to the Agreement is also an issue

1  properly heard in arbitration.

2      On December 21, 2012, Plaintiff initiated arbitration under the Agreement as to
3  Defendant Boudreau in JAMS, and served Defendant Boudreau and its attorney of record
4  Timothy P. Johnson, with a Demand for Arbitration.  Boudreau has refused, and continues to
5  refuse, to proceed with the arbitration of said controversy in the manner provided in the
6  Agreement.  Attached as Exhibit B is a true and correct copy of the objection sent to JAMS by
7  Respondent Boudreau.

8      On January 21, 2013, Plaintiff initiated arbitration under the Agreement as to Defendant
9  Experian Information Solutions in JAMS, and served Defendant Experian, through its attorney
10 Jones Day, with the Demand for Arbitration.  Plaintiff and Experian have since reached a
11 settlement and Experian will be dismissed from this case as soon as the settlement agreement is
12 finalized.

13     A consolidated case is presently pending in JAMS, titled *Pasquale, Gino C. v. LVNV*
14 *Funding, LLC, et al.*, Reference No. 1110015442 naming Boudreau, Experian and LVNV as
15 respondents.  Plaintiff respectfully requests for an order compelling Boudreau to arbitration of
16 this matter in JAMS pursuant to the contractual agreement, and for such other and further relief
17 as the court deems proper.

18

19 Dated:  March 19, 2013

20
21     __/s/Chris Gardas_____
    Chris Gardas
22     Attorney for Plaintiff
    EUGENE PASQUALE
23

24

25

26

27

28