TIMOTHY P. JOHNSON (BAR NO. 66333)
LAW OFFICES OF TIMOTHY P. JOHNSON
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendants Richard J. Boudreau & Associates, LLC
and Richard J. Boudreau

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C. PASQUALE<br><br>vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC; RICHARD J. BOUDREAU, individually and in his official capacity, EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, form unknown; and JOHN DOES 1 through 10, inclusive<br><br>DEFENDANTS. | Case No. CV 12-00930 RMW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION<br><br>Date: April 26, 2013<br>Time: 9:00 a.m.<br>Courtroom: 6<br><br>Hon. Ronald M. Whyte |

## I. INTRODUCTION

Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau (hereinafter jointly "Boudreau") are debt collectors. There is no claim by Plaintiff that Boudreau is either the original creditor, i.e. the credit card issuer—that is Chase according to the moving papers (2:11)—nor is there a claim that Boudreau is the present owner of the debt—that is LVNV Funding LLC according to the moving papers (2:10-11).

Plaintiff alleges that Boudreau violated various debt collection laws in its non-judicial attempt to collect debt attributed to Plaintiff. There is no claim that Boudreau attempted to collect the debt through any form of litigation that would trigger the arbitration clause.

Rather than pursue his purported right to arbitrate his claims against Boudreau, Plaintiff instead filed his lawsuit against Boudreau in state court on December 30, 2011. That lawsuit was subsequently removed to this Court on February 24, 2012. Now, more than a year later, Plaintiff has finally filed this Motion to Compel Arbitration. Meanwhile, Plaintiff has refused to participate in any discovery during the period set by the Court to conduct discovery.

No foundation has been laid by Plaintiff in this Motion demonstrating that the document attached to his Motion as Exhibit A was ever applicable to his Chase/Amazon credit card or, more to the point, that it was in effect at the time that Plaintiff incurred the credit card debt that was the subject of Boudreau's collection activities.

Regardless of the foundation issues, the arbitration agreement submitted by Plaintiff to this Court by its own terms does not apply to Boudreau. The agreement in pertinent part provides as follows: "**Parties Covered.** For the purposes of this Arbitration Agreement, 'we' and 'us' means Chase Manhattan Bank USA, N.A., its

-2-

parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, 'we' or 'us' shall mean any third party providing benefits, services, or products in connection with the Account (including but not limited to…debt collectors…*if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us*." (Italics added.) Plaintiff has only sued Boudreau and Experian Information Solutions, Inc. Plaintiff has not sued Chase, accordingly, by the explicit terms of the language of the agreement, Boudreau is not subject to the arbitration agreement.

Finally, by his failure to timely assert his claimed right to arbitration, Plaintiff has waived his right to arbitrate his claims against Boudreau.

Accordingly, this Motion should be denied. Should this Motion be denied, Boudreau requests that this Court continue the dates to permit Boudreau time to complete discovery.

## II. PLAINTIFF HAS FAILED TO LAY ANY FOUNDATION FOR THE ARBITRATION AGREEMENT.

Federal Rule of Evidence, Rule 901 provides that a party seeking to introduce a document must provide sufficient evidence to authenticate it. As stated in *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773, fn.7 (9th Cir. 2002): "Authentication is a special aspect of relevancy concerned with establishing the genuineness of evidence."

The party offering the document has the burden to establish the authenticity of the document. *United States v. Pang*, 362 F.3d 1187, 1192-1193 (9th Cir. 2004) where it was required that invoices must be authenticated by evidence sufficient to show that they are what they are purported to be.

Here, Plaintiff has provided no evidence authenticating the document that

-3-
OPPOSITION TO MOTION TO STAY PROCEEDING
AND COMPEL ARBITRATION                                       Case No. CV 12-00930 RMW

contains the arbitration agreement that is the basis for his Motion to Compel Arbitration. Plaintiff has failed to establish that the document attached as Exhibit A to his Motion was in fact related in any manner to his credit card account that was the subject of Boudreau's debt collection activities or, if it was, that it was in full force and effect at the time that Plaintiff incurred the charges that were the subject of Boudreau's debt collection activities.

Accordingly, Plaintiff's Motion to Compel Arbitration should be denied since there is no evidence supporting his claim that his disputes with Boudreau are affected by an arbitration agreement.

### III. THE ARBITRATION AGREEMENT SUBMITTED BY PLAINTIFF TO THIS COURT DOES NOT EFFECT BOUDREAU.

As noted above, the arbitration agreement attached by Plaintiff to his Motion as Exhibit A provides that it only applies to debt collectors among others "if, and only if, such a third party [the debt collector] is named by you as a co-defendant in any Claim you assert against us." Plaintiff did not name Chase as a defendant in this action, hence Boudreau was not named as a co-defendant with Chase in this lawsuit.

This issue is not unique to this case. The same issue came up in *Wise v. Zwicker & Associates, PC*, 2013 U.S. Dist. LEXIS 41004 (N.D. Ohio March 22, 2013). The *Wise* court discussed the issue at some length citing to several other cases faced with the same arbitration language and ruled that claims against third party debt collectors cannot be arbitrated unless the original creditor is a co-defendant with the debt collector in the lawsuit brought by the plaintiff. 2013 U.S. Dist. LEXIS 41004 at *14-*15. See as cited by the *Wise* court: *Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F.Supp.2d 640, 645-646 (E.D. Va. 2006); *Cohen v. Wolpoff & Abramson, LLP*, 2008 U.S. Dist. LEXIS 77052 at *7-*10 (D.N.J. Oct. 2, 2008); and *Bontempo v. Wolpoff & Abramson, L.L.P.*, 2006 U.S. Dist. LEXIS 78160 at *15-*20 (W.D. Penn.

-4-
OPPOSITION TO MOTION TO STAY PROCEEDING
AND COMPEL ARBITRATION    Case No. CV 12-00930 RMW

September 20, 2006).

Since Boudreau is not a party to the arbitration agreement by the terms of the agreement, this Motion to Compel Arbitration must be denied.

## IV. PLAINTIFF HAS WAIVED HIS RIGHT TO ARBITRATE BY THE DELAYS IN DEMANDING ARBITRATION.

Plaintiff has waived his right to seek arbitration of this dispute by his failure to seek arbitration. *Zuckerman Spaeder, LLP v. Auffenberg,* 646 F.3d 919, 922-924 D.C. Cir. 2011). In this case, rather than seek to arbitrate this case, Plaintiff filed a lawsuit in the state court. Plaintiff delayed taking any action to compel arbitration for over a year after filing his lawsuit.

## V. CONCLUSION

Based on the foregoing, it is respectfully submitted that the Court deny Plaintiff's Motion to Stay Proceedings and Compel Arbitration.

Dated: March 29, 2013

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: _____/s/ Timothy Johnson_____
TIMOTHY P. JOHNSON
Attorneys for Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau

*Pasquale v. Richard J. Boudreau & Associates, LLC et al.*
<u>USDC, Case No. CV 12-00930 RMW</u>

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On March 29, 2013, I served a true copy of the **OPPOSITION TO MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION** on all interested parties in this action by:

[ ]  By personally delivering it to the person(s) indicated below in the manner as provided in FRCP 5(B);

[ ]  By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

[ X ]  By ECF: On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

| Katherine A. Klimkowski, Esq. | Chris Gardas, Esq. |
| --- | --- |
| JONES DAY | P.O. Box 984 |
| 3161 Michelson Drive, Suite 800 | Clearlake Oaks, CA  95423 |
| Irvine, CA  92612 | |

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on March 29, 2013, at Santa Ana, California.

                                        /s/ Timothy Johnson
                                        TIMOTHY P. JOHNSON

LAW OFFICES OF TIMOTHY P. JOHNSON