Chris Gardas   SBN:224550
Attorney at Law
P.O. Box 984
Clearlake Oaks, CA 95423
Tel (415) 407-4918
chrisgardas@comcast.net

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C PASQUALE,<br><br>    PLAINTIFF, PRO PER<br><br>    vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC; RICHARD J. BOUDREAU, individually and in his official capacity, EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, form unknown; and JOHN DOES 1 through 10, inclusive<br><br>    DEFENDANTS. | Case No. CV 12-00930 RMW<br><br>OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

   Plaintiff EUGENE PASQUALE ("PASQUALE" or "Plaintiff"), by and through counsel, submits his opposition to the motion for summary judgment filed by Defendants RICHARD J. BOUDREAU & ASSOCIATES, LLC and RICHARD J. BOUDREAU ("BOUDREAU" or "Defendant") based on the following: 1) the motion was not noticed as required under Civil Local Rule 7-2(a); 2) Defendant did not submit admissible evidence in support of its affirmative defenses; and 3) material facts in dispute preclude summary judgment on Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the Telephone Consumer Practices Act ("TCPA").

Plaintiff  Pasquale's Opposition to Motion for Summary Judgment                                           p. 1

INTRODUCTION

Defendant Boudreau, a debt collection law firm, began initiating telephone calls to Plaintiff PASQUALE in early 2011. [Complaint at ¶ 32; Decl. of ZLOTNICK at ¶¶ 6-7] Plaintiff attempted to answer some of the calls, only to be met with a short pause before the call was disconnected. [Decl. of PASQUALE at ¶ 3] In an attempt to ascertain the identity of the caller and purpose for the call, PASQUALE researched and obtained the contact information for BOUDREAU, the name listed on his caller ID service. [Decl. of PASQUALE at ¶ 3] PASQUALE contacted BOUDREAU by telephone and spoke with an unidentified employee. The BOUDREAU employee claimed that PASQUALE's name could not be found in the company records. [Decl. of PASQUALE at ¶ 5]

PASQUALE also learned that BOUDREAU accessed his credit file at Experian on or about January 16 and January 19, 2011. [Complaint at ¶ 15] In an effort to identify the alleged debt and the entity purporting to own the debt who had engaged BOUDREAU for collection, PASQUALE sent a letter by certified mail to BOUDREAU requesting the purpose for accessing his credit report and for validation of the debt. [Complaint at ¶ 15, letter attached as Exh. "A"] PASQUALE also sent a written request to EXPERIAN to identify the purpose for the credit pull by BOUDREAU. PASQUALE received no response from BOUDREAU. [Decl. of PASQUALE at ¶ 6] At the time PASQUALE filed his pro se complaint, he still had been unable to identify the alleged debt, account information, or the entity purporting to own the debt.

I. THE MOTION FOR SUMMARY JUDGMENT WAS NOT PROPERLY NOTICED

Under Local Rules, a motion for summary judgment must be noticed a minimum of 35 days prior to hearing. Civil L.R. 56-1, 7-2(a). Defendant filed and served the Motion for Summary Judgment on April 8, 2013, with hearing set for May 10, 2013, providing Plaintiff with only 32 days notice. As a general rule, a court lacks authority to grant the motion because the

required notice has not been given.  *Moses v. Providence Hosp. & Med. Ctrs., Inc.,* 561 F3d 573, 584 (6th Cir. 2009); *Reese v. Sparks,* 760 F2d 64, 66 (3rd Cir. 1985).   Therefore, the motion for summary judgment should be denied.

II.   OBJECTION TO DECLARATORY EVIDENCE OF ADAM ZLOTNICK AS INADMISSIBLE

In support of the Motion for Summary Judgment, Defendant submitted the Declaration of ADAM ZLOTNICK, an attorney employed by BOUDREAU.  [Decl. of ZLOTNICK at ¶ 1]    In Paragraph 6 of the Declaration, ZLOTNICK asserts that Plaintiff provided his "cell phone number as his contact number when he opened the credit card account that is the subject of the debt."  Paragraph 5 refers to a purported "phone application" of Plaintiff that BOUDREAU was provided "in conjunction of the placement of the debt."

Plaintiff objects to this evidence as inadmissible based on the following:

A.     ZLOTNICK is not competent to authenticate the document.  As an employee of BOUDREAU, ZLOTNICK is not competent to testify as to the business records of LVNV FUNDING, much less on behalf of Chase Manhattan Bank, who issued the credit card.  ZLOTNICK lacks the requisite personal knowledge to introduce the application at trial and failed to authenticate the evidence as required under FRCP Rule 56.  *Zoslaw v. MCA Distributing Corp.*, 693 F2d 870, 883(9th Cir. 1982).  See also Civil Local Rule 7-5(a).

B.     The application referred to by ZLOTNICK is not attached to the declaration, nor has the document otherwise been placed on the record as required by FRCP 56(c).

III.   MATERIAL FACTS ARE IN DISPUTE AS TO PLAINTIFF'S CLAIMS UNDER THE FDCPA, RFDCPA AND TCPA

A.  FDCPA and RFDCPA Claims

Plaintiff raises two claims under the FDCPA and RFDCPA:

1) That BOUDREAU violated 1692g(a) and 1788.17 by failing to provide the required validation notice within 5 days of initial communication with Plaintiff. [Complaint at ¶38]  A factual issue remains in that BOUDREAU maintains that there was no contact with Plaintiff that would trigger the requirement to send a validation notice [Decl. of ZLOTNICK at ¶ 10], while Plaintiff asserts that initial communication occurred when Plaintiff contacted BOUDREAU by telephone. [Decl. of PASQUALE at ¶ 5]

2) That BOUDREAU's telephone calls were intended to harass Plaintiff, in violation of 15 USC 1692d.  Defendant characterizes this claim as based on the volume of calls, and argues that the only intent was to contact Plaintiff to discuss payment arrangements. [Decl. of ZLOTNICK at ¶9]  However, when Plaintiff attempted to answer phone calls from BOUDREAU, the call was disconnected after a short pause. Furthermore, when Plaintiff contacted BOUDREAU by telephone, BOUDREAU claimed not to have any records of a debt collection account, which belies Defendant's claim that its sole intent was to arrange payment of the debt.

B.  TCPA Claim

A material fact remains in dispute as to whether Plaintiff gave express written consent to be contacted on his cellular telephone.

The TCPA prohibits calls using an autodialer to a cellular phone without express consent of the called party.  The FCC has rejected Defendant's argument that debt collection calls are not covered. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559, 565; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (Jan. 4, 2008) ("ACA Declaratory Ruling"), at ¶11.

Prior express consent is an affirmative defense to be raised and proved by a TCPA defendant, with the burden on the creditor to demonstrate it obtained the necessary prior express

consent.   ACA Declaratory Ruling, ¶10; *Ryabyshchuk v. Citibank (South Dakota) NA*, 2011 U.S. Dist. LEXIS 136506, at *14-15 (S.D. Cal. Nov. 28, 2011); *Gutierrez v. Barclays Grp.*, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011).

As discussed above, Defendant failed to produce admissible evidence on the issue of express consent, and has not met its burden of proving that Plaintiff gave express consent.

IV. PLAINTIFF DOES NOT OPPOSE SUMMARY ADJUDICATION OF HIS CLAIMS UNDER THE FAIR CREDIT REPORTING ACT

The undersigned counsel substituted in for PASQUALE shortly before filing of the Joint Case Management Statement.  [Doc. # 18].  In the JCMS and as discussed at hearing, Plaintiff's counsel noted the potential need to amend the pro se complaint, while indicating the intent to file a motion to compel arbitration pending discovery on the contractual basis for the yet unidentified account.  [Doc. # 19]  Given Plaintiff's election to have the matter heard in arbitration, the complaint was not amended.

With the assistance of counsel, and having obtained information not previously known, Plaintiff does not oppose summary adjudication of his claims under the FCRA, for Invasion of Privacy, and for violations of 15 USC 1692d(5) and 1692(6) and their California counterparts.

V. IF PLAINTIFF'S MOTION TO COMPEL ARBITRATION IS DENIED, PLAINTIFF REQUESTS A CONTINUANCE OF THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

A Motion to Compel Arbitration is set for hearing on April 26, 2013.  If the Motion to Compel is denied, Plaintiff requests a continuance to respond more fully to the Motion for Summary Judgment.

Dated: April 22, 2013

1 | Law Offices of Chris Gardas
2 |
3 |   /s/Chris Gardas_____
4 | BY:     Chris Gardas
            Attorney for Plaintiff
5 |         EUGENE PASQUALE