TIMOTHY P. JOHNSON (BAR NO. 66333)
LAW OFFICES OF TIMOTHY P. JOHNSON
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendants Richard J. Boudreau & Associates, LLC
and Richard J. Boudreau

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C PASQUALE<br><br>PLAINTIFF, PRO PER<br><br>vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC; RICHARD J. BOUDREAU, individually and in his official capacity, EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, form unknown; and JOHN DOES 1 through 10, inclusive<br><br>DEFENDANTS. | Case No. CV 12-00930 RMW<br><br>**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 14, 2013<br>Time: 9:00 a.m.<br>Courtroom: 6<br><br>The Honorable Ronald M. Whyte |

I.   THE MOTION HEARING DATE HAS BEEN CONTINUED TO A DATE MORE THAN 35 DAYS FROM THE FILING DATE.

To the extent that the Motion may originally have not complied with L.R.7-

2(a), that issue is now moot since the hearing date for the Motion has been continued from May 10, 2013 to June 14, 2013. Furthermore, Defendants have offered to stipulate to provide Plaintiff with the opportunity to file supplemental papers if Plaintiff believes that is necessary.

## II. ZLOTNICK CAN TESTIFY AS TO THE SOURCE OF THE TELEPHONE NUMBER THAT IT HAD FOR PLAINTIFF IN THE CONTEXT OF THE TCPA CLAIM.

Plaintiff claims that Boudreau LLC violated by TCPA by calling his cell phone without permission and by using an auto dialer or an artificial prerecorded voice. (Complaint, ¶¶33-35) Defendants obtained the telephone number that it used to reach Plaintiff from the original creditor as described by Adam Zlotnick in his Declaration. (Zlotnick Declaration, ¶¶5 and 6) Plaintiff does not deny in his Declaration filed in opposition to this Motion that he supplied that number to the original creditor as described in the Zlotnick Declaration. Accordingly, Adam Zlotnick's Declaration as to the source of the cell phone number that Defendants used to contact Plaintiff is admissible.

Regardless, Plaintiff has presented no case law to contradict the holding in *Shupe v. JPMorgan Chase Bank of Ariz.*, 2012 U.S. Dist. LEXIS 54756 at *15-18 (D. Az. March 14, 2012) that debt collection calls are exempt from the TCPA.

## III. THERE WAS NO CONTACT BETWEEN PLAINTIFF AND DEFENDANTS THAT WOULD TRIGGER THE FIVE DAY VALIDATION NOTICE LETTER.

15 U.S.C. § 1692g(a) provides as follows: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall...send the consumer a written notice..." regarding the debt and the

consumer's right to obtain verification of the debt. As described by Adam Zlotnick in his Declaration at ¶10, there was no communication with Plaintiff that triggered the obligation to send the five day letter to him.

Plaintiff then argues that he called Defendants but was told by whoever he spoke to that she could not provide any information about any debt attributable to his since she could not find any record of an account in his name. This was not a communication about the collection of a debt. For whatever unknown reasons, the person to whom Plaintiff spoke could not discuss the debt since she could not locate the debt based on the information provided by Plaintiff. It is not known what Plaintiff told this person to assist her to locate his debt, but, by his own admission, there was nothing discussed regarding the debt during that telephone call and it would have been impossible for Defendants to send a five day letter to Plaintiff since Plaintiff was obviously never matched up to any account attributed to him as a result of that telephone call.

## IV. PLAINTIFF HAS SUBMITTED NO EVIDENCE THAT DEFENDANTS TELEPHONED HIM WITH AN INTENT TO HARASS HIM.

There were a total of eleven calls by Defendants to Plaintiff based on the records of Defendants. (Zlotnick Declaration, ¶¶6-7) Plaintiff in his Declaration does not contradict this fact.

Defendants made no contact with Plaintiff as a result of any of these calls and left no messages. (Zlotnick Declaration, ¶¶6-8) Plaintiff does not deny the truth of this statement in his Declaration.

Defendants were only attempting to reach Plaintiff to discuss his debt and were not calling him to harass him. (Zlotnick Declaration, ¶9) The only evidence offered by Plaintiff to contradict this statement is that by the time that he tried to


-3-
REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT                    Case No. CV12-00930 RMW

answer "some" of the calls, the line was silent and the call was disconnected. This evidence does not demonstrate an intent to harass him—it would make no sense to call a person regarding a debt and then hang up on the person if he answers, especially when there is no history of any ill will between the parties or any history of disputes during telephone conversations between the parties—but simply either that Defendants minimized the number of rings before disconnecting the call or that Plaintiff did not immediately respond to the call.

## V. PLAINTIFF HAS ADMITTED THAT HIS FCRA, INVASION OF PRIVACY, 1692(6) AND RELATED CALIFORNIA CLAIMS HAVE NO MERIT.

Plaintiff in his Opposition to this Motion at p. 5, lines 7-18, admits that his claims based on violations of the FCRA, Invasion of Privacy and 15 U.S.C. § 1692d(6) as well as their California counterparts—presumably California Civil Code § 1788.11(d) and § 1788.11(e)—were not well taken and should be dismissed. Plaintiff also agrees that his 15 U.S.C. § 1692d(5) claim should also be dismissed, however, it appears that he meant that his 15 U.S.C. § 1692d should be dismissed and that he intends to actually prosecute his 15 U.S.C. § 1692d(5) claim since he raises the "intent to harass" language of 15 U.S.C. § 1692d(5) in his Opposition at p. 5, line 9.

## VI. CONCLUSION

This Motion should be granted in its entirety.

Boudreau LLC only made eleven telephone calls to Plaintiff's personal telephone numbers over a three week period resulting in no contact with him and left no messages for him. These minimal efforts to reach Plaintiff do not evidence and intent to harass, annoy or abuse Plaintiff. There were no communications regarding

the collection of a debt by Boudreau LLC with Plaintiff, therefore, there was no obligation for Boudreau LLC to send a validation letter to Plaintiff. Accordingly, the FDCPA and the RFDCPA claims must be dismissed.

Boudreau LLC had a legitimate purpose in placing telephone calls to Plaintiff's cell phone, i.e. to collect a debt, which was the telephone number provided by Plaintiff for contacts when he applied for the credit card, accordingly, these calls are exempt from regulation by the TCPA.

Finally, Boudreau is not liable to Plaintiff. Plaintiff does not claim that Boudreau did anything in violation of any laws other than may arise out of his claims against Boudreau LLC.

Plaintiff does not dispute that his claims based on violations of the FCRA, Invasion of Privacy and 15 U.S.C. § 1692d(6) as well as their California counterparts—and presumably 15 U.S.C. § 1692d as opposed to 15 U.S.C. § 1692d(5)—should be dismissed.

Accordingly, it is requested that this Court grant this Motion for Summary Judgment and dismiss Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau from this lawsuit.

Dated: April 29, 2013

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: /s/Timothy Johnson
TIMOTHY P. JOHNSON
Attorneys for Defendants Richard J. Boudreau & Associates, LLC and Richard J. Boudreau

*Pasquale v. Richard J. Boudreau & Associates, LLC et al.*
<u>USDC, Case No. CV 12-00930 RMW</u>

### CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On April 29, 2013, I served a true copy of the **REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action by:

[ ] By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

[ X ] By ECF: On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Jacqueline Vallette, Esq.  
JONES DAY  
555 California Street, 26th Floor  
San Francisco, CA 94104

Chris Gardas, Esq.  
P.O. Box 2879  
Vacaville, CA 95696

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on April 29, 2013, at Santa Ana, California.

/s/ Timothy Johnson
TIMOTHY P. JOHNSON